IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 1:05CR10 |
| | ) |
| v. | ) |
| | ) |
| ANDRE R. FOSTER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SUPPLEMENTAL POSITION PAPER WITH RESPECT TO DEFENDANT'S SUPERVISED RELEASE VIOLATION**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, by and through Dana J. Boente, United States Attorney, and Ann Marie Blaylock, Special Assistant United States Attorney, hereby files its supplemental position paper on the supervised release violation of defendant, Andre R. Foster (hereinafter, "defendant"). Since the time the Government filed its position paper (Dkt. 50), defendant has pled guilty to a Maryland state charge of possession with intent to distribute marijuana, and has admitted to the violation outlined in the petition (Dkt. 40). As described below, the Government has revisited its original sentencing recommendation, and now recommends that defendant be sentenced to ten months incarceration to run consecutively to his Maryland sentence and to begin after his Maryland sentence concludes.

**I.    Background**

On September 16, 2014, United States Probation Officer Brent D. Keith submitted a Petition on Supervised Release with this Court. The Petition alleges that on August 27, 2014, in Charles County, Maryland, defendant violated the conditions of his supervised release by being arrested and charged with possession with intent to distribute marijuana, possession of drug

paraphernalia, and possession of marijuana. On May 6, 2015, defendant, with the benefit of a plea agreement, entered an Alford plea of guilty in Maryland circuit court to the distribution charge in exchange for dismissal of the possession charge.[1] Defendant was sentenced to six months incarceration with an authorization for work release. Counsel for defendant represented to the Government that the Maryland circuit court ordered the Maryland sentence to run concurrently to any federal sentence for the supervised release violation, and ordered defendant to report on June 15, 2015, to serve his sentence. Defendant admits to the violation and requests that the Court sentence him to "six months incarceration, with the balance of the [ten months requested by the Government] to be served through home confinement during nonworking hours," and that he surrender at the revocation hearing to begin serving his sentence. (Dkt. 58 at 2).

## II. Legal Overview

Title 18, United States Code Section 3583(g)(1) provides that if defendant "possesses a controlled substance in violation of" the conditions of supervised release, "the court shall revoke the term of supervised release and require defendant to serve a term of imprisonment not to exceed" the applicable statutory maximum. 18 U.S.C. § 3583(g)(1). Pursuant to Title 18, United States Code Section 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" and the court should look to the factors set forth in Section 3553(a) in making that determination. 18 U.S.C. § 3584(a)–(b).

The United States Sentencing Guidelines provide non-binding advisory statements regarding supervised release violations. *See generally* U.S.S.G. ch. 7. As described in the

---

[1] Online court records show that defendant was not ultimately charged with possession of drug paraphernalia.

Government's previous sentencing recommendation (Dkt. 50), defendant's underlying conviction was a Class A felony, his criminal history category was a VI, and his conduct at issue in the petition constitutes a Grade A violation.[2] Based on these factors, his Guidelines range is fifty-one to sixty-three months imprisonment.

This Court has the discretion to determine whether the sentence runs consecutively or concurrently to the undischarged Maryland sentence. *See Setser v. United States*, 132 S. Ct. 1436, 1468 (2012); *see also United States v. Loiseau,* 429 Fed. App'x 210 (4th Cir. 2011). The Guidelines also advise that a sentence imposed after revocation should be ordered to run consecutively to any other sentence, including any sentence resulting from conduct that is the basis for the revocation. *See* U.S.S.G. §7B1.3(f).

### III.     Government's Recommendation

As described more fully below, the Government recommends that this Court revoke defendant's supervised release and sentence him to ten months incarceration to run consecutively to his undischarged term of imprisonment in Maryland. The Government also recommends that defendant serve his revocation sentence after completion of his Maryland sentence to ensure the sentences run consecutively.

A term of imprisonment is appropriate and statutorily mandated, because defendant possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The advisory Guidelines range of fifty-one to sixty-three months incarceration is excessive given the facts of this case. Upon

---

[2] Previously the defendant argued that the violation might be a Grade C violation, because "there [wa]s a strong possibility that Charles County [would] not proceed on the distribution charge or decide[] to amend the distribution charge to simple possession." (Dkt. 49 at 6). He contended that "[i]f that [wa]s the case, punishment may not exceed one year and the conduct would arguabl[y] be viewed as a Grade C violation." *Id.* That argument is now moot as defendant pled guilty to Possession with Intent to Distribute, which carries a maximum five-year penalty. Further, the information relevant to the analysis is defendant's actual conduct, not the conduct to which he ultimately pled guilty.

further consideration, the Government also believes its prior recommendation of 33 months incarceration is too long. In the seven months since the Government filed its initial position paper, defendant has remained on uniform good behavior. The violation before the Court, though serious, is defendant's first and only reported violation since being released from the custody of the Bureau of Prisons almost two years ago. Defendant has not had any positive urine screens, and there is no evidence defendant has used drugs. Most aspects of defendant's adjustment to supervision have been successful. He has sought out and secured stable employment and has maintained a stable residence. When he lost his job around the time of the violation, he shortly thereafter found a new job, even though he knew he would be going back to prison. His employers have reported positively on his employment. He has enrolled himself in mental health counseling. He has had an active presence in family life. Finally, defendant has demonstrated acceptance of responsibility by admitting to the violation and pleading guilty in state court to the most serious charge.

While a significant variance from the Guidelines is warranted, defendant's requested term of imprisonment of only six months is too short given the significant breach of trust and the specifics of the offense conduct. Defendant is on supervised release because he was convicted of possessing with intent to distribute cocaine. While the controlled substance has changed, he is before this Court again because he possessed a controlled substance with intent to distribute. Additionally, police reports from the incident state that defendant had his twelve-year-old son with him in the vehicle when he was stopped by police with the seven pounds of marijuana. Thus defendant's behavior put not only the general public at risk, but his minor son at risk, too.

Accordingly, the Government believes a ten month term of incarceration is necessary and appropriate given the statutory framework requiring revocation, the nature and

circumstances of the offense, the history and characteristics of defendant, the need for adequate deterrence, and the need to protect the public from future crimes of defendant.

The Government recommends that the term of imprisonment for revocation run consecutively to the undischarged term of imprisonment in Maryland. Imposition of a sentence in the Maryland case and imposition of a sentence for the violation serve two different goals. The purpose of the sentence in the Maryland case is to punish defendant for possessing with intent to distribute marijuana. In contrast, the purpose of the sentence in the revocation case is primarily to punish defendant for breaching this Court's trust. *See United States v. Crudup*, 461 F.3d 433, 438–37 (4th Cir. 2006). These differing sentencing purposes are discussed at length in the Guidelines. The Sentencing Commission considered two different theories for sanctioning violations of supervised release. *See* U.S.S.G. ch. 7 pt. A, introductory cmt. (3)(b). The first theory was to punish the breach of trust. *See id*. The second theory was to punish the conduct that caused the violation. *See id*. The Commission adopted the former approach, noting "at revocation the court should sanction primarily defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Id*. Given the different goals of the two sentences at issue, the sentence for the revocation should run consecutively to the Maryland sentence to fulfill the goals of the federal sentencing scheme.

While defendant does not object to the Court ordering the federal sentence to run consecutively to the state sentence, he requests that he be allowed to surrender for the federal sentence at the revocation hearing, which would effectively nullify the consecutive nature of the sentence. The Maryland circuit court judge ordered defendant's six-month sentence in Maryland to run concurrently to the sentence here. Because both the United States and

Maryland are sovereign entities, it is up to each to administer its own criminal justice system, including determining whether sentences are to run consecutively or concurrently to the other sovereign's sentences.  *See Setser*, 132 S. Ct. at 1471 (*quoting Oregon v. Ice*, 555 U.S. 160 (2009)).  The jurisdiction where defendant serves his last sentence will ultimately determine whether the sentences run consecutively or concurrently.  *See id.* (describing how the order in which sentences are served determines whether they are served consecutively or concurrently when there are inconsistent orders by two sovereigns).  To ensure that defendant's federal sentence runs consecutively to the Maryland sentence, the Government requests that the Court order defendant to report for the revocation sentence after he completes his Maryland sentence.  Should the Court order the sentences to run concurrently or allow defendant to serve the federal sentence first, the Government recommends that the term of imprisonment be increased by six months, from ten months to sixteen months.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:          /s/        
Ann Marie Blaylock
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3947
ann.marie.blaylock@usdoj.gov

Ronald L. Walutes, Jr.
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following:

Anastasia T. Kranias
Counsel for Andre Foster
Greenspun Shapiro PC
Fairfax, Virginia 22030
(703) 352-0100
atk@greenspunlaw.com

In addition, I hereby certify that on June 10, 2015, I emailed a copy of the foregoing to:

Brent D. Keith
U.S. Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, Virginia 22406
(703) 366-2102
Brent_Keith@vaep.uscourts.gov

Respectfully submitted,

Dana J. Boente
United States Attorney

By:         /s/
Ann Marie Blaylock
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3947
ann.marie.blaylock@usdoj.gov

Ronald L. Walutes, Jr.
Assistant United States Attorney